UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sandy Sykes, *et al.*,
  Plaintiffs,

v.

Veterans Administration, *et al.*,
  Defendants.

Case No. 1:10-cv-688

Black, J.
Litkovitz, M.J

## REPORT AND RECOMMENDATION

This matter is before the Court on pro se plaintiff Sandy Syke's[1] Motion to Modify Record on Appeal (Doc. 105) and defendants University of Cincinnati Medical Center's and University of Cincinnati Institutional Review Board's (hereinafter collectively referred to as "UC") response in opposition. (Doc. 106).

Plaintiff seeks to supplement the record with five documents: (1) a one page document titled "NPC 2005 Annual Report;" (2) 2004 income tax records for Cincinnati Foundation for BioMedical Research & Education; (3) a pamphlet regarding the 2006 State of the Academic Health Center Address; (4) 2003 income tax records for University Internal Medicine Associates, Inc.; and (5) a three page document regarding UC's rules for scientific record keeping. (Doc. 105, Ex. 1). Plaintiff seeks to supplement the records with these documents noting their relevance to issues raised in the District Court regarding plaintiff's fraudulent concealment claims against defendants. Plaintiff asserts that these documents illuminate prior filings, but she does not provide any explanation as to why they were omitted from the District Court record.

In support of her motion, plaintiff cites to Federal Rule of Appellate Procedure 10(e)(2)(B) which provides: "(e) Correction or Modification of the Record. . . . (2) If anything

---

[1] Though the motion requests relief on behalf of all plaintiffs, as Ms. Sykes is the only signatory, the Court will construe the motion as being brought on her behalf only.

material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded[.]" Fed. R. App. P. 10(e). While Rule 10(e) allows for supplementation of the record, it "is clear from the rule's wording, '[t]he purpose of the rule is to allow [ ] courts to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.'" *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003) (quoting *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636, 641 (6th Cir. 1982)).

In their response opposing supplementation, UC asserts that plaintiff's stated reasons for supplementing the record, to provide evidence in support of her claims, is an improper basis under Rule 10. The Court agrees.

Rule 10(e) does not permit supplementation of the record in this case. As the Sixth Circuit has instructed, Rule 10(e) allows "modifications in two instances: (1) when the parties dispute whether the record actually discloses what occurred in the District Court and (2) when a material matter is omitted by error or accident." *U.S. v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997). There is no dispute among the parties regarding whether the record accurately reflects what occurred before the District Court, nor has plaintiff alleged that any of the records she seeks to introduce were omitted from the record by error or accident. Rather, plaintiff "is simply attempting to add new material that was never considered by the district court. This is not permitted under [Rule 10]." *Inland Bulk Transfer Co.*, 332 F.3d at 1012. Consequently, plaintiff is not entitled to supplement the record and her motion should be denied.

**IT IS THEREFORE RECOMMENDED:**

That plaintiff Sandy Syke's Motion to Modify Record on Appeal (Doc. 105) be

**DENIED**.

11/21/2011　　　　　　　　　　　　　　　　　　　　　*Karen L. Litkovitz*
Date　　　　　　　　　　　　　　　　　　　　　　　KAREN L. LITKOVITZ
　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sandy Sykes, *et al.*,
    Plaintiffs,

v.

Veterans Administration, *et al.*,
    Defendants.

Case No. 1:10-cv-688

Black, J..
Litkovitz, M.J

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X ☒ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

1. Article Addressed to:

Sandy Sykes
7907 Cincinnati Dayton Road
West Chester, Ohio 45069

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail  ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7003 2260 0002 6723 4385

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540